UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STANLEY LOGAN,                          )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )    No. 4:07-CV-1948 CAS
                                        )
MICHAEL CHERTOFF, SECRETARY,            )
THE DEPARTMENT OF HOMELAND              )
SECURITY, et al.,                       )
                                        )
        Defendants.                     )

**MEMORANDUM AND ORDER**

Pending before the Court is plaintiff's motion for leave to amend his complaint. [Doc. 18] Defendant Chertoff opposes the motion, arguing the additional claims plaintiff seeks to add under 42 U.S.C. §§ 1981 and 1983 are preempted by Title VII and the Age Discrimination in Employment Act. The Court will deny plaintiff's motion for leave, as the amendments plaintiff seeks to make, as written, would be futile. Also pending before the Court are defendant Chertoff's motions to strike plaintiff's request for jury trial on his age discrimination in employment claim, as well as plaintiff's request for punitive damages. [Docs. 4 and 6] The Court will grant defendant's motions for the reasons set forth below.

    **I.    Plaintiff's Motion to Amend the Complaint**

Plaintiff brings this employment discrimination action against his former employer, the Transportation Security Administration; Michael Chertoff, the Secretary of the Department of Homeland Security; and Tamara L. Miller, Director of the Office of Civil Rights, TSA Headquarters,[1]

---

[1]It appears from review of the docket sheet that Ms. Miller was inadvertently not included as a defendant for purposes of docketing. The Clerk of Court will be directed to add Ms. Miller as a defendant to the docketing records. It also appears that plaintiff never served defendant Miller with

alleging discrimination, harassment and/or retaliation on the basis of his race, religion, color, gender and age. In his original complaint, plaintiff makes claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. In plaintiff's proposed amended complaint, he seeks to add additional claims of employment discrimination under 42 U.S.C. §§ 1981 and 1983.

Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be freely given, unless such amendment would, for example, be futile. Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000). Plaintiff's proposed amendments, as written, would indeed be futile, and therefore, his motion for leave to amend must be denied.

As a federal employee, plaintiff's sole recourse for alleged discrimination against his former employer is relief granted by Title VII and the ADEA. In Brown v. General Services Administration, the United States Supreme Court concluded that Title VII provides the "exclusive judicial remedy for claims of discrimination in federal employment." 425 U.S. 820, 835 (1976). In its analysis, the Supreme Court noted that Congress unambiguously intended to create "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination" when it enacted section 717 of the Civil Rights Act. Id. at 829. Consequently, Brown has come to stand for the proposition that, where a plaintiff alleges facts that are actionable under Title VII and for which Title VII provides a remedy, Title VII preempts virtually all other causes of action that provide

---

service of process and nor has service been waived on her behalf. Therefore, plaintiff must obtain service of process on Ms. Miller in a timely manner or she shall be dismissed from the case without prejudice. Because plaintiff has not obtained service on a named defendant, the Rule 16 Conference set for April 4, 2008, will be rescheduled for a later date.

consistent theories of relief, including §1981 claims.[2] The Eighth Circuit has repeatedly affirmed the holding in Brown that, when applicable, Title VII bars § 1981 and other, similar claims. See, e.g., Mathis v. Henderson, 243 F.3d 446, 449 (8th Cir. 2001) quoting Brown, 425 U.S. at 835 (affirming that "the statute effectively waives sovereign immunity of the United States for Title VII claims, 42 U.S.C. 2000e-16, [and] provides the exclusive judicial remedy for claims of discrimination in federal employment"); see also Palesch v. Missouri Comm'n on Human Rights, 233 F.3d 570 (8th Cir. 2000) (affirming the District Court's dismissal of §1985(3) claims, which the district court concluded were brought to redress violations of Title VII); Giles, 520 F. Supp. at 1200; Gates v. U.S. Postal Serv., 622 F. Supp. 563 (E.D. Mo. 1985); Walton v. U.S. Dep't of Agriculture, 2007 WL 1246845, at *11 (E.D. Mo. Apr. 30, 2007).

Other circuits have followed the Eighth Circuit in adhering to Brown's treatment of Title VII as the exclusive remedy for discrimination in federal employment. See, e.g., Newbold v. United States Postal Service, 614 F.2d 46 (5th Cir. 1980) (finding that Title VII preempted a suit for employment discrimination under § 1981); Gissen v. Tackman, 573 F.2d 784, 786 (3rd. Cir. 1976) (holding that Title VII preempted a lawsuit under §§ 1981, 1983, 1985, and 1986 for discrimination

---

[2]The ADEA is a similar statute to Title VII, forbidding employment discrimination against older employees. General Dynamics Land Sys. v. Cline, 540 U.S. 581, 585 (2004). And like Title VII, the ADEA is the exclusive judicial remedy for claims of age discrimination in employment. See Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003); Purtill v. Harris, 658 F.2d 134 (3d Cir. 1981); Zombro v. Baltimore City Police Dep't, 868 F.2d 1364, 1369 (4th Cir. 1989); Lafleur v. Tex. Dep't of Health, 126 F.3d 758, 760 (5th Cir. 1997); Migneault v. Peck, 158 F.3d 1131, 1140 (10th Cir. 1998), rev'd on other grounds by, 528 U.S. 1110 (2000); Chennareddy v. Bowsher, 935 F.2d 315, 318 (D.C.Cir.1991). When Congress enacted the ADEA, it "intended to preempt alternative means of redressing age discrimination in federal employment." Giles v. EEOC, 520 F.Supp. 1198 (E.D. Mo. 2005).

in promotion); Trotter v. Todd, 719 F.2d 346, 350 (10th Cir. 1983) (federal employee's cause of action pursuant to Title VII preempts claims under § 1981).

Without citing to any pertinent law, plaintiff alleges his employment discrimination claims against the government asserted pursuant to § 1981 and § 1983 are proper. Review of plaintiff's claims, however, reveals that as written, plaintiff's discrimination claims under § 1981 and § 1983 are not independent from claims that are appropriately asserted pursuant to Title VII and/or the ADEA. That is, there are no proper allegations of any violations of a distinct constitutional right or a federal statutory right other than the alleged violation of rights created by Title VII and the ADEA. Although in his response brief plaintiff argues that his new claims are ones for a "denial of due process" and for "free speech," the allegations outlined in his proposed amended complaint amount to a claim for retaliation under Title VII. For example, in the proposed amended complaint plaintiff asserts that defendant did not follow the guidelines set forth for terminating employees, and failed to provide him with adequate notice regarding his termination. He then states that defendant's "failure to do so amounts to discrimination and retaliation in violation of Title VII."

Because plaintiff is a federal employee who is alleging claims of discrimination and/or retaliation in the workplace, his claims of discrimination under § 1981 and § 1983 are futile because Title VII and the ADEA provide the exclusive remedy.[3]

---

[3]Plaintiff's § 1981 claims are additionally futile because the statutory scheme protects individuals only from discrimination carried out *under color of state, not federal, law.* Indeed, in 1991, Congress amended § 1981 to include the stipulation that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). Since this amendment, the weight of judicial authority, has held that § 1981 does not protect against alleged discrimination under color of federal law. See, e.g., Davis-Warren Auctioneers, J.V. v. F.D.I.C., 215 F.3d 1159, 1161 (10th Cir. 2000); Davis v. United States Dep't of Justice, 204 F.3d 723, 725 (7th Cir. 2000); Lee v. Hughes, 145 F.3d 1272 (11th Cir. 1998); Conner v. Greef, 99 Fed.Appx. 577 (6th Cir. 2004). Section 1983 similarly prohibits discrimination

The Court does note that it appears plaintiff wishes to add additional defendants to the case, namely Delaine Brown and Carl Nicholson, both of whom he alleges are employees of the Transportation Security Administration. On what is numbered page 4 of his complaint (but what is really page 7), plaintiff states, "also assault and battery by Delaine Brown and Carl Nicholson – employees of TSA." There are, however, no factual allegations in his complaint to support the assertion that he was subject to assault and battery by these two persons. Plaintiff does state in his response memorandum in support of his motion to amend that he was physically struck by Carl Nicholson, but statements made in a legal brief do not amount to allegations in a complaint. As pled, the allegations in his proposed amended complaint against Delaine Brown and Carl Nicholson do not meet the pleading standard announced in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level. <u>Twombly</u>, 127 S. Ct. at 1964-65 & n.3." <u>Schaaf v. Residential Funding Corp.</u>, __ F.3d __, No. 06-3694, 2008 WL 465481, *3 (8th Cir. Feb. 22, 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S. Ct. at 1965. A complaint "must contain either direct or inferential

---

under *color of state law*. 42 U.S.C. § 1983; <u>Gates</u>, 622 F.Supp. at 565-66.

allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 1969 (quoted case omitted).

As plaintiff's proposed amended complaint adds no new viable claims against the existing defendants or additional defendants, his motion to amend will be denied. Plaintiff may once again attempt to amend his complaint to add claims against Delaine Brown and Carl Nicholson, but any such proposed amended complaint must meet the pleading standard addressed above. Furthermore, as discussed above, the Court will not allow plaintiff to amend his complaint to add *employment discrimination* claims under 42 U.S.C. §§ 1981 and 1983.[4]

**II.   Defendant's Motions to Strike**

Defendant Chertoff moves to strike plaintiff's request for jury trial with respect to his claims brought pursuant to the ADEA. This motion will be granted. As noted by defendant, courts have long held that federal employees are not entitled to a trial by jury when bringing claims pursuant to the ADEA. See, e.g., Lehman v. Nakshian, 453 U.S. 156 (1981) superseded by the Civil rights Act of 1991, 42 U.S.C. § 1981a(c)(1), on other grounds as noted in Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1181-82 (2d Cir. 1992). Plaintiff's request for jury trial with respect to his Title VII claims will, however, be preserved. See 42 U.S.C. § 1981a(c)(1) (noting that a complaining party who seeks compensatory damages under Title VII may demand a trial by jury).

Similarly, defendant Chertoff's request to strike plaintiff's prayer for punitive damages will also be granted. Punitive damages are not available from the federal government for claims alleging

---

[4]Plaintiff is advised that should he decide to file another motion to amend his complaint, he need not use the form Employment Discrimination Complaint. This form is provided by the Clerk's Office to pro se plaintiffs to assist them in drafting a complaint, but it is not required.

intentional discrimination in employment, brought pursuant to Title VII. 42 U.S.C. § 1981a(b)(1) (noting that a complaining party may recover punitive damages under this section against a respondent except when the respondent is a government, government agency or political subdivision).[5]

Accordingly,

**IT IS HEREBY ORDERED** that consistent with the reasons set forth in this Memorandum and Order, plaintiff's motion to amend his complaint is **DENIED without prejudice.** [Doc. 18]

**IT IS FURTHER ORDERED** that defendant's motion to strike plaintiff's request for jury trial on his age discrimination claim is **GRANTED.** [Doc. 4]

**IT IS FURTHER ORDERED** that defendant's motion to strike plaintiff's prayer for punitive damages is **GRANTED.** [Doc. 6]

**IT IS FURTHER ORDERED** that the Clerk of Court shall add to the docket sheet named defendant Tamara L. Miller, Director of the Office of Civil Rights, TSA Headquarters.

**IT IS FURTHER ORDERED** that plaintiff shall cause service to be effected upon defendant Tamara L. Miller no later than 30 days from the date of this Memorandum and Order. In the absence of good cause shown, failure to timely serve said defendant shall result in the dismissal of plaintiff's claims as to this defendant without prejudice.

---

[5]Although the remedies enumerated in 42 U.S.C. § 1981a are not applicable to claims brought pursuant to the ADEA, by its very nature, the ADEA does not allow for punitive damages or damages for pain and suffering. Rather, relief in ADEA actions is governed by specific damage provisions of the Act, which allow for lost wages and benefits, as well as liquidated damages if a plaintiff can prove a willful violation. See 29 U.S.C. § 626(b) and (c); see also, Fiedler v. Indianhead Truck Line, Inc., 670 F.2d 806, 809-810 (8th Cir. 1982) (explaining that remedies available under Title VII and the ADEA are not consistent because Congress made the ADEA enforcement provisions a hybrid of the Fair Labor Standards Act and Title VII).

**IT IS FURTHER ORDERED** that the Rule 16 Conference that was set in this case for April 4, 2008, will not be held at that time, and shall be removed from the docket. The conference will be rescheduled for a later date.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of April, 2008.