## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| STANLEY LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-1948 CAS |
| ) | |
| MICHAEL CHERTOFF, ) | |
| Secretary of the Department of ) | |
| Homeland Security, et al. ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This closed matter is before the Court on pro se plaintiff Stanley Logan's motion for relief of final judgment filed pursuant to Rule 60 of the Federal Rules of Civil Procedure. Defendants did not file a response and the time to do so has passed. For the following reasons, plaintiff's motion will be denied.

### I. Background

This was an employment discrimination action filed by plaintiff, a former employee of the Transportation Security Administration ("TSA"). Plaintiff brought claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., alleging that he was subjected to harassment based on his race, color, sex, age and religion, and that his termination was retaliatory. By Memorandum and Order dated September 22, 2009, the Court granted defendants' motion for summary judgment and dismissal of all of plaintiff's claims, and judgment was entered in favor of defendants.

In the instant motion, plaintiff requests the Court to rescind the judgment in this case pursuant to Rule 60(b) because, he argues, summary judgment was based on intrinsic and extrinsic fraud, misrepresentation, and misconduct. Plaintiff also states judgment should be rescinded pursuant to Rule 60(a), because clerical mistakes and omissions by this Court prejudiced his case.

## II. Discussion

### A. Rule 60(b)

Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000). A Rule 60(b) motion is not for the purpose of rearguing, more fully, the merits of a claim. Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.), cert. denied, 469 U.S. 1072 (1984).

Rule 60(b) relieves a party from a final judgment or order on one of six specified grounds: Mistake, inadvertence, surprise, or excusable neglect, Rule 60(b)(1); newly-discovered evidence which by due diligence could not have been discovered in time for a Rule 59(e) motion, Rule 60(b)(2); fraud, misrepresentation or other misconduct of an adverse party, Rule 60(b)(3); the judgment is void, Rule 60(b)(4); the judgment has been satisfied, released, or discharged, or an earlier judgment on which this judgment is based has been reversed or vacated, or it is no longer equitable that the judgment have prospective application, Rule 60(b)(5); and any other reason justifying relief from the operation of the judgment, Rule 60(b)(6).

Plaintiff asserts in his motion that the judgment in this case was based on fraud, misrepresentation, or other misconduct by defendants and opposing counsel. He states that the

judgment was fraudulent in that defendants' "[twenty-one] supposedly uncontroverted facts [in support of the motion for summary judgment] are part and parcel of the fraudulent conspiracy." However, the unsupported facts plaintiff points to in support his theories of fraud and conspiracy are the same he raised in opposition to the motion for summary judgment. As stated above, a Rule 60(b) motion is not a vehicle for rearguing the merits of a claim.

Plaintiff also complains, without providing any specific examples or evidence of support, that opposing counsel, Kim Garcia, who has not even entered an appearance in this case, was "stridently abusive" toward him. The Court will not grant plaintiff relief based on his obscure and unsupported statements regarding opposing counsel. Plaintiff has provided no support for the notion that judgment in this case should be rescinded pursuant to Rule 60(b).

**B.    Rule 60(a)**

Plaintiff also requests recision of the judgement because, he argues, clerical errors prejudiced his case. Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). In his motion, plaintiff makes vague reference to the fact that the Court struck his first amended complaint and a surresponse. [Docs. 54, 70, 71 & 73]. Plaintiff first amended complaint was stricken because it was not signed and contained no certificate of service. Plaintiff was given the opportunity to file the amended complaint with a proper signature and certificate of service, but he failed to do so. Plaintiff's surresponse was stricken because he did not obtain leave prior to filing the document, as required by the Local Rules of this Court. In his motion, plaintiff also states, without providing any specifics, that he was denied access to "the monthly hearing docket." The Court does not have a "monthly hearing docket." The Court does preside over a monthly discovery

docket, which requires a notice of hearing before a motion will be heard. The Court is unaware of any instance in this case where plaintiff filed a discovery motion and proper notice of hearing, and yet plaintiff was denied access to the discovery docket.

None of plaintiff's alleged grievances directed at the Court or Clerk's Office amount to clerical mistakes or omissions. Because plaintiff failed to identify "a clerical mistake or a mistake arising from oversight or omission," plaintiff's motion pursuant to Rule 60(a) will be denied. Fed. R. Civ. P. 60(a).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for relief of final judgment pursuant to Rules 60 is **DENIED.** [Doc. 93]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th   day of December, 2009.